ETSI PIPELINE PROJECT, a joint venture, and Energy Transportation Systems, Inc., Plaintiffs,

v.

ARKANSAS POWER & LIGHT CO., Plaintiff–Intervenor,

Burlington Northern, Inc., Burlington Northern Railroad Co., et al., Defendants.

Misc. No. 87–165.

United States District Court, District of Columbia.

Nov. 19, 1987.

C. Michael Buxton and Gretchen A. Hegemier, Vinson & Elkins, Washington, D.C., for plaintiffs.

Abbe Lowell and Peter J. Kirsch, Brand & Lowell, Washington, D.C., for the moving party, Environmental Policy Institute.

ORDER

CHARLES R. RICHEY, District Judge.

Before the Court are plaintiffs', ETSI Pipeline Project, *et al.* ("ETSI"), renewed motion for reconsideration of this Court's Order dated June 24, 1987 granting Environmental Policy Institute's ("EPI") motion to quash plaintiffs' subpoena, the papers in opposition thereto and in support thereof. Upon consideration of the voluminous materials submitted by all parties, the Court will deny plaintiffs' motion for reconsideration.

■■■ By Order of this Court dated June 24, 1987, the Court found that EPI had "made out a case or a showing of some probability of implicating First Amendment rights." Order, p. 3. The Court declines to entertain plaintiffs' request "that the Court reconsider whether EPI satisfied its burden of showing that its First Amendment rights are implicated." Plaintiffs' Renewed Motion for Reconsideration of the Order Granting the Environmental Policy Institute's Motion to Quash the Subpoena ("Plaintiffs' Renewed Motion"), p. 9. Therefore, in order for plaintiffs to prevail on the motion, they must show that they have satisfied the test adopted by the Court of Appeals for the District of Columbia Circuit in *International Union U.A.W. v. National Right to Work*, 590 F.2d 1139 (D.C.Cir.1978) and further affirmed in *Black Panther Party v. Smith*, 661 F.2d 1243 (D.C.Cir.1981), *cert. granted and vacated on other grounds*, 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (1982). To overcome the asserted First Amendment privilege, the Court must consider whether

**1492**

the information sought can be discovered through alternative sources and has the party seeking disclosure made reasonable attempts to obtain the information elsewhere. 590 F.2d at 1152; 661 F.2d at 1268. In addition, the Court must consider the relevance of the information sought for purposes of the underlying suit. *Id.* The Court finds that the plaintiffs' failure to discover "some railroad contributions" from the railroads will not impair plaintiffs' ability to proffer proof with respect to an alleged conspiracy under Section 1 of the Sherman Act as between the defendant railroads and non-profit, public interest organizations such as EPI such that EPI's First Amendment rights must be discounted.

In the Order dated June 24, 1987, the Court was willing to assume that the information sought went to the heart of the lawsuit, but found that alternative sources had not been exhausted and that independent efforts to obtain the information had not been made. Order at p. 3. The Court even went so far as to help plaintiffs in mapping out their discovery strategy by suggesting that the deposition of John McCormick be taken, an individual who had testified on behalf of EPI before the United States Senate and who appeared to be knowledgeable about some of the facts that plaintiffs sought. However, this was but a suggestion. Plaintiffs have interpreted this suggestion as though it were the last obstacle standing in its way by which it could run over EPI's First Amendment rights on the way to securing the information plaintiffs believe is needed to support its Sherman Act claims. The District Courts are not in business to provide legal advice to litigants. Plaintiffs have apparently not considered whether other former employees of EPI may have knowledge regarding the information which plaintiffs seek.

Apparently, what plaintiffs want from EPI is a complete accounting of all financial contributions made by railroads to EPI, presumably with respect to the coal slurry pipeline issue that was pending before the Congress. According to plaintiffs, "EPI reported some railroad contributions that ETSI did not discover from the railroads." Plaintiffs' Renewed Motion, p. 13. This passage raises several questions in the Court's mind. Did ETSI seek discovery from these railroads on this matter? If so, has ETSI sought assurances that discovery was complete? Although not impossible, it seems far-fetched to believe that a corporation kept no track of political or other contributions. In any event, the Court believes that the fact that plaintiffs do not know the details of every single financial contribution made by the railroads to EPI does not implicate the "heart of the lawsuit" element of the *International Union* test. The fact that plaintiffs are after "some" of the remaining contributions for which they lack knowledge indicates that they have details on most of the contributions. This is enough to attempt to prove an alleged conspiracy under Section 1 of the Sherman Act.

Both parties have made the perfunctory request of asking this Court to find that they are entitled to an award of attorneys' fees and costs in connection with this matter. The Court will deny these requests; each party will bear its own costs.

Accordingly, it is by the Court this 19th day of November, 1987

ORDERED that plaintiffs' motion for reconsideration of the order granting the Environmental Policy Institute's motion to quash the subpoena be, and hereby is, denied; and it is

FURTHER ORDERED that plaintiffs' request for an award of attorneys' fees and costs be, and hereby is, denied; and it is

FURTHER ORDERED that the Enviornmental Policy Institute's request for an award of attorneys' fees be, and hereby is, denied.